UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                          CASE NO.:  14-40483-BKC-KKS

ADAMS STREET LOFTS, LLC,[1]                     Chapter 11

     Debtor.

_____/

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Adams Street Lofts, LLC ("ASL" or the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its undersigned counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure requests the entry of an order authorizing the compromise, settlement of ASL's claims against Mad Dog Design and Construction Company, Inc. ("Mad Dog"), and Mad Dog's third party claims against Conn & Associates, Inc. ("Conn"), Carroll & Son's Welding & Fabrication, Inc. d/b/a Carroll & Son Welding Service ("Carroll"), Darnell & Associates, Inc. ("Darnell"), Evcon Services, Inc. ("Evcon"), Gaskins Coating Company, Inc. ("Gaskins"), Southern-Owners Insurance Company ("Southern-Owners"), Great Southern Demolition, Inc. ("Great Southern"), M&L Plumbing, Inc. ("M&L"), Parker Services, Inc. ("Parker") and Point Glass & Metal, LLC ("Point Glass") (Mad Dog, Conn, Carroll, Darnell, Evcon, Gaskins, Southern-Owners, Great Southern, M&L, Parker, and Point Glass collectively referred to as the "Defendants").  In support of this motion (the "Motion"), the Debtor states:

### A. BACKGROUND

1.     On August 22, 2014 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by the filing of a voluntary petition for relief under Chapter 11 of the

---

[1] The address of the Debtor is 420 North Adams Street, Tallahassee, FL 32301, and the last four digits of the Debtor's taxpayer identification number are 4590.

Bankruptcy Code, 11 U.S.C. § 101-1531 (the "Bankruptcy Code").

2.      The Debtor is in the real estate business and developed and sells condominium units located at 420 North Adams Street, Tallahassee, Florida (the "Project").  The Project consists of a total of 31 units, of which 17 units remain unsold and are property of the estate.

### B.  THE CONSTRUCTION DEFECTS

3.      The Debtor contracted with Mad Dog to serve as the general contractor for the construction of the Project.  Mad Dog provided certificate of occupancy's to the Debtor as developer on February 28, 2008.  The Debtor began closing on the sale of units while Mad Dog worked on completing the Project finishes and punch-list items.

4.      After Tropical Storm Faye, the Debtor realized that major deficiencies and defects plagued the building.  Most of the issues surrounded water intrusion that came to light after the tropical storm.  The Debtor tried to get Mad Dog to address the issues, but ultimately had to commence litigation.

5.      In 2010 a complaint was filed entitled Adams Street Lofts, LLC v. Conn & Associates, Inc. and Mad Dog Design and Construction Company, Inc., Case Number 2010-CA-3091 which is currently pending in the Circuit Court of the Second Judicial Circuit in and for Leon County Florida (the "Construction Defect Litigation").

6.      The Construction Defect Litigation became a complex case with multiple parties and insurance companies defending the various contractors and defendants, and became a long process and an extremely expensive case for the Debtor.

7.      The Debtor, with the knowledge and understanding of Centennial Bank, its senior secured lender, has been utilizing the excess funds associated from the rental income from the Project to fund the Construction Defect Litigation and pay other operating expenses.   Centennial

Bank maintains a properly perfected first lien on the Construction Defect Litigation proceeds.

8.     The Debtor, its construction counsel, and the retained experts were confident in the Debtor's case and the likelihood of success and recovery.

9.     Ultimately, the Debtor and the Defendants attended mediation in April 2014.  A representative of Centennial Bank was in attendance at the mediation.

## B.  <u>THE SETTLEMENT</u>

10.     At the conclusion of two days of mediation and then several conferences thereafter, a settlement in principal was reached wherein the Defendants agreed to pay $600,000 to the Debtor (the "Settlement Proceeds") and the Defendants would release any claims against the Debtor.  Payment of the Settlement Proceeds was conditioned upon the approval of and release by the Adams Street Lofts Condominium Association, Inc. (the "HOA").  Upon receipt of the Settlement Proceeds, the Debtor shall release any claims against the Defendants.

11.     Attached hereto as **Exhibit "A"** is a copy of the Conditional Settlement and Release Agreement (the "CDL Agreement").

12.     The CDL Agreement provides that the HOA approve of the CDL Agreement.   At a properly noticed meeting, the HOA approved the CDL Agreement.[2]  Failure of the HOA to approve the CDL Agreement could result in the CDL Agreement not being effectuated and the possibly being lost as the Debtor lacks sufficient funds (absent financing or payment by the unit owners) to continue the complex litigation.

13.     Under the terms of a global resolution and as set forth in the Debtor's Plan, Centennial Bank shall receive the proceeds from the Construction Defect Litigation pursuant to their first priority lien and upon receipt of same and the auction sale of the units, shall release its

---

[2] The HOA votes consisted of the votes from the Debtor for the units that it owns, which constitutes a majority of the units.

lien on the parking spaces.  Centennial Bank is owed in excess of $3.4 Million and the value

from the auction sale of the units is anticipated to be less than that amount.   These parking

spaces shall be conveyed to the HOA and/or the existing unit owners and allow the remaining

units which are the subject of the auction sale to get the benefit of same for purposes of potential

purchasers receiving additional value for the units.

14.     The approval of the CDL Agreement and the conveyance of the parking spaces in

connection with the auction sale is a material component of the Debtor's Plan

## C.  <u>LEGAL ANALYSIS</u>

15.     Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that, after

notice and a hearing, a court may approve a proposed settlement of a claim. The decision of

whether or not to approve a compromise is within the sound discretion of the court. *In re Carson*,

82 B.R. 847 (Bankr. S.D. Ohio 1987); *In re Mobile Air Drilling Co.*, 53 B.R. 605 (Bankr. N.D.

Ohio 1985).

16.     In passing on proposed settlements, the standard that courts applied under the

former Bankruptcy Act is the same standard as courts should apply under the Bankruptcy Code.

*In re Carla Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984).  As stated by the United

States Supreme Court in *Protective Committee v. Anderson*, 300 U.S. 414 (1968), under the Act,

to approve a proposed settlement, a court must find that the settlement was "fair and equitable"

based on an educated estimate of the complexity, expense, and likely duration of . . . litigation,

the possible difficulties of collecting on any judgment which might be obtained and all other

factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Protective Committee*, 300 U.S. at 424.

17.     This test was adopted by the Eleventh Circuit in *In re Justice Oaks II, Ltd.*, 898

F.2d 1544, 1549 (11th Cir. 1990), which provides additional guidance as to whether a compromise should be approved. *Justice Oaks* established a four-part test for approval:

(a)     The probability of success in litigation;

(b)     The difficulties, if any, to be encountered in the matter of collection;

(c)     The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(d)     The paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.*

18.     The proposed settlement satisfies the *Justice Oaks* standard. The Debtor believes that, after full and careful consideration of the claims asserted, the Settlement Agreement is in the best interests of the Debtor's estate.

19.     Additionally, the Debtor is mindful of the additional administrative expenses that will be incurred if the Parties do not settle their disputes with respect to the CDL Litigation.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

(i) granting this Motion;

(ii) approving the Settlement Agreement upon the terms set forth therein; and;

(iii) granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on the 17th day of November, 2014 via electronic transmission upon all parties on the attached CM/ECF Service List, and via first class, U.S. Mail to all parties on the attached Court Matrix (to

the extent that such parties were not served electronically as set forth herein).

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for Debtor*
125 South Gadsden Street, Suite 300
Tallahassee, FL  32301
Telephone:  (850) 561-3010
Facsimile:  (850) 561-3013

By:   /s/   *Brian G. Rich*
        Brian G. Rich
        Florida Bar No. 038229
        brich@bergersingerman.com

6

Label Matrix for local noticing
1129-4
Case 14-40483-KKS
Northern District of Florida
Tallahassee
Mon Nov 17 15:09:38 EST 2014

Adams Street Lofts, LLC
420 North Adams Street
Tallahassee, FL 32301-1155

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Governace, Inc.
Mowrey Law Firm, P.A.
515 North Adams Street
Tallahassee, FL 32301-1111

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Secretary of the Treasury
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

U.S. Attorney (Tallahassee Office)
111 N. Adams Street
Fourth Floor
Tallahassee, FL 32301-7736

(p)U S SECURITIES AND EXCHANGE COMMISSION
ATLANTA REG OFFICE AND REORG
950 E PACES FERRY RD NE STE 900
ATLANTA GA 30326-1382

*Adams Street Lofts Condo Association
2020 West Pensacola Street, Suite 27
Tallahassee, FL 32304-3142

*Centennial Bank
2932 Crawfordville Highway
Crawfordville, FL 32327-2302

*Conn and Associates
1960-C Buford Boulevard
Tallahassee, FL 32308-4467

*Destin Reporting & Technology
36468 Emerald Coast Pkwy.
Old South Centre
Suite 2101
Destin, FL 32541-3723

*Florida Dept. of Business & Prof Reg.
Attn:  Karen Mark
1940 Monroe Street
Tallahassee, FL 32303-4700

*Liberty Forensics Group
530 N. Commonwealth Avenue
Polk City, FL 33868-9601

*Mad Dog Design & Construction Co., Inc.
1203 Miccosukee Road
Tallahassee, FL 32308-5039

*Mills Paskert Divers
100 North Tampa Street
Suite 2010
Tampa, FL 33602-5853

*United States Trustee
c/o Jason H. Egan, Trial Attorney
110 East Park Ave., Suite 128
Tallahassee, FL 32301-7728

Adair, Eric & Amber
420 North Adams Street
#506
Tallahassee, FL 32301-1164

Ann & Christo Koulisis
The PM Group, Gulf Coast, Inc.
Attn.: Mike Angus
6119 Village Oaks Drive
Pensacola, FL 32504-6983

Anthony Dewees
1700 N. Monroe Street
Suite 11-129
Tallahassee, FL 32303-5535

Baldwin Park of Tallahassee, LLC
2020 West Pensacola Street
Suite 300
Tallahassee, FL 32304-3186

Bello, Christina
420 North Adams Street
#302
Tallahassee, FL 32301-1158

Belman, Rodger
420 North Adams Street
#503
Tallahassee, FL 32301-1163

Bhimani, Vipul
420 North Adams Street
#103
Tallahassee, FL 32301-1156

Capital One CLTRL Assignee of FIG 2222
POB 54418
New Orleans, LA 70154-4418

Capone-Cltrlassignee-Roth Acq LLC
P.O. Box 2102
Winter Park, FL 32790-2102

Carluccio, Thomas
420 North Adams Street
#504
Tallahassee, FL 32301-1163

Ellis, Adam
420 North Adams Street
#203
Tallahassee, FL 32301-1157

Emmanuel, Chris
420 North Adams Street
#307
Tallahassee, FL 32301-1160

FNA FLORIDA LLC
120 N LASALLE ST 29TH FLOOR
CHICAGO, IL 60602-2424

Gemini Associates, Ltd.
310 W. Jefferson St.
Tallahassee, FL 32301-1419

Gemini Parking Deck North
310 West Jefferson Street
Tallahassee, FL 32301-1419

Governance, Inc.
P.O. Box 10768
Tallahassee, FL 32302-2768

Hamby, Tom
420 North Adams Street
#305
Tallahassee, FL 32301-1159

Hunter & Harp Holdings LLC
311 East Jennings Street
Tallahassee, FL 32301-4427

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

John, Dejager
420 North Adams Street
#301
Tallahassee, FL 32301-1158

Jonathan Leoni
63 NE 89th Street
El Portal, FL 33138-3047

Leon County Tax Collector
P.O. Box 1835
Tallahassee, FL 32302-1835

Leoni Properties, Inc.
P.O. Box 2535
Tallahassee, FL 32316-2535

Leoni, Marcus
420 North Adams Street
#501
Tallahassee, FL 32301-1163

Locascio, Stefen & Fulmer, Heather
420 North Adams Street
#201
Tallahassee, FL 32301-1156

Locascio, Steffen & Fulmer, Heather
420 North Adams Street
#201
Tallahassee, FL 32301-1156

Michael Russo
420 N. Adams Street
Unit 101
Tallahassee, FL 32301-1156

Mowrey Law Firm, P.A.
515 North Adams Street
Tallahassee, FL 32301-1111

PPF Holdings III, Ltd.
c/o US Bank as Custodian
50 South 16th St.
Ste. 1950
Philadelphia, PA 19102-2517

Preisser, Grant
420 North Adams Street
#303
Tallahassee, FL 32301-1159

Randles, Theodore
420 North Adams Street
#204
Tallahassee, FL 32301-1157

Rodgers, Charles
420 North Adams Street
#304
Tallahassee, FL 32301-1159

Serra, Nicholas
420 North Adams Street
#202
Tallahassee, FL 32301-1157

Stephen A. Pitre, Esq.
Clark, Partington, Hart, Larry, Bond &
Stackhouse
125 W. Romana St., Ste. 800
Pensacola, FL 32502-5856

Steven & Lynda Tiefel
420 N. Adams Street
Unit 502
Tallahassee, FL 32301-1163

Steven M. Leoni
P.O. Box 20222
Tallahassee, FL 32316-0222

Timmerman, Katie
420 North Adams Street
#306
Tallahassee, FL 32301-1159

U.S. Bank as Cust For Magnolia TC 14, LL
P.O. Box 2102
Winter Park, FL 32790-2102

US Bank as Cust for Tower
C/O Garber Tax Managment LLC -1
PO Box 645040
Cincinnati Ohio 45264-5040

United States Trustee
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728

Vezina, Alex
420 North Adams Street
#206
Tallahassee, FL 32301-1158

Villa San Marco, LLC
2020 West Pensacola Street
Suite 300
Tallahassee, FL 32304-3186

Brian G. Rich
Berger Singerman LLP
125 S. Gadsden Street, Suite 300
Tallahassee, FL 32301-1589

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U.S. Securities & Exchange Commission
Branch of Reorganization
3475 Lenox Rd., N.E. Suite 100
Atlanta, GA 30326-1323

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Sperry Van Ness Auction Services LLC

(d)Adair, Eric and Amber
420 North Adams Street
#506
Tallahassee, FL 32301-1164

(u)Ty G. Thompson

End of Label Matrix
Mailable recipients    60
Bypassed recipients     3
Total                  63

# EXHIBIT "A"

## CONDITIONAL SETTLEMENT AND RELEASE AGREEMENT

THIS CONDITIONAL SETTLEMENT AND RELEASE AGREEMENT ("Agreement"), deemed effective on May___, 2014 (the "Effective Date") is by and among ADAMS STREET LOFTS, LLC ("ASL"), CONN & ASSOCIATES, INC. ("Conn"), MAD DOG DESIGN AND CONSTRUCTION COMPANY, INC. ("Mad Dog"), CARROLL & SON'S WELDING & FABRICATION, INC. d/b/a CARROLL & SON WELDING SERVICE ("Carroll"), DARNELL & ASSOCIATES, INC. ("Darnell") EVCON SERVICES, INC. ("Evcon"), GASKINS COATING COMPANY, INC. ("Gaskins"), SOUTHERN-OWNERS INSURANCE COMPANY ("Southern-Owners"), GREAT SOUTHERN DEMOLITION, INC. ("Great Southern"), M & L PLUMBING, INC. ("M&L"), PARKER SERVICES, INC. ("Parker"), and POINT GLASS & METAL, LLC ("Point Glass"), and their respective agents, partners, officers, directors, members, affiliates, predecessors, successors, successors in interest, heirs, beneficiaries, and assigns.

## RECITALS

**WHEREAS**, Adams Street is the developer of a residential condominium conversion project known as the Adams Street Lofts located at 420 North Adams Street in Tallahassee, Florida (the "Project"). The Project consisted of the design

and renovation of an existing 5-story building formerly occupied by the Florida Department of Law Enforcement (the "Building").

**WHEREAS**, on or about October 29, 2005, Conn and Adams Street entered into a professional services contract for renovations and additions to the Building. In accordance with this contract, Conn agreed to design various residential floor plans within the Project.

**WHEREAS**, on or about June 8, 2006, Conn and Adams Street entered into another professional services contract whereby Conn was to provide services necessary to convert the Building into a residential condominium (the "A/E Contract"). Included in Conn's services was to provide certain architectural and structural design services, including, among other things, the design of new balconies and new openings in the exterior block wall for door and window assemblies, among other things.

**WHEREAS**, on or about December 7, 2006, Adams Street and Mad Dog entered into an AIA Document A131 CMc-2003 Standard Form of Agreement Between Owner and Construction Manager (the "Construction Contract"), whereby Mad Dog agreed to serve as construction manager and contractor for the Project.

- 2 -

**WHEREAS**, shortly after substantial completion of the Project, Adams Street notified Mad Dog and Conn of certain alleged incomplete work and/or defects that exist at the Project;

**WHEREAS**, ASL filed its Complaint for Damages against Conn and Mad Dog in the case styled *Adams Street Lofts, LLC v. Conn & Associates, Inc. et al.,* Case No. 2010 CA 3091, pending in the Second Judicial Circuit Court in and for Leon County, Florida (the "Civil Litigation") due to the alleged incomplete work and/or defects at the Project;

**WHEREAS**, the Court abated ASL's claims against Conn pursuant to an arbitration provision contained in the A/E Contract;

**WHEREAS**, Mad Dog filed its Third Party Complaint against Carroll, Darnell, Evcon, Southern-Owners, Great Southern, M&L, Parker, Gaskins, and Point Glass (the "Subcontractor Defendants") in the Civil Litigation on account of the claims alleged against it by ASL;

**WHEREAS**, the Parties hereto wish to settle and compromise in full any and all claims alleged by ASL against Conn and Mad Dog and by Mad Dog against the Subcontractor Defendants in the Civil Litigation in exchange for the payment of the Settlement Proceeds set forth in paragraph 2 below; and

**WHEREAS**, the Parties now desire to set forth their Agreement in writing.

- 3 -

**NOW, THEREFORE**, for and in consideration of the payment of the Settlement Proceeds identified in paragraph 2 below, the mutual covenants set forth herein, and other good and valuable consideration, the sufficiency of which are hereby acknowledged by the Parties, the Parties agree as follows:

1.     The recitals set forth above are true and correct and incorporated herein by reference.

2.     Within thirty (30) days of ASL's receipt of the Association Release contemplated in paragraph 3 below, Mad Dog, Conn, and the Subcontractor Defendants shall pay ASL the total sum of Six Hundred Thousand and 00/100 Dollars ($600,000.00) (the "Settlement Proceeds"), the sufficiency of which ASL hereby acknowledges. The Subcontractor Defendants, or their insurers on their behalf, shall pay their share of the Settlement Proceeds to counsel for Mad Dog, Galloway, Johnson, Tompkins, Burr & Smith Trust Account, c/o R. Scott Traweek, 118 East Garden Street, Pensacola, Florida 32502, upon the occurrence of the conditions set forth in paragraph 3, herein.

3.     The condition of Mad Dog's, Conn's, and the Subcontractor Defendants' payment of the Settlement Proceeds is that ASL shall first obtain a release from Adams Street Lofts Condominium Association, Inc. (the "Association") (in accordance with section 718.111, Florida Statutes, and/or Rule 1.221 of the Florida Rules of Civil Procedure) of Mad Dog, Conn, the

- 4 -

Subcontractor Defendants, and their insurers, employees, agents, partners, officers, directors, members, affiliates, principals, predecessors, successors, successors in interest, and assigns from any and all claims, cross-claims, actions, causes of action, demands, rights, damages, costs, expenses, and attorneys' fees claims, that the Association had, now has, or may hereafter have on account of or in any way related to those claims ASL alleged or that could have been alleged against ASL, Mad Dog, Conn, and the Subcontractor Defendants in the Civil Litigation related to the Project (the "Association Release"). If ASL is unable to obtain the Association Release as contemplated herein, then the condition of this Agreement fails and the Parties may continue with the Civil Litigation and ASL may proceed with arbitration against Conn.

4.      To allow ASL time to obtain the Association Release, the Parties shall, upon full execution of this Agreement, forthwith notify the Court of this Agreement and request a stay of the Civil Litigation for ninety (90) days. If the condition of this Agreement fails, then the Parties are relieved of their settlement obligations herein, shall notify the Court, and request a revised case management order to establish pretrial and trial deadlines. ASL may also then forthwith initiate its arbitration against Conn.

5.      Conn and Mad Dog (who will include the Subcontractor Defendants' share of the Settlement Proceeds in its share) shall pay the Settlement Proceeds to

Mills Paskert Divers Trust Account, c/o Ty G. Thompson, Esq., 100 North Tampa Street, Suite 3700, Tampa, Florida 33602.

6.      Upon payment of the Settlement Proceeds, the Parties shall file a Stipulation Dismissing the Civil Action with Prejudice, with each Party bearing its own attorneys' fees and costs.

7.      Upon payment of the Settlement Proceeds, ASL shall be deemed to have released, acquitted, and forever discharged Mad Dog, Conn, the Subcontractor Defendants, and their attorneys, insurers (including without limitation, claims of coverage under Mad Dog's insurance policies of additional insured, named insured, or blanket insured), employees, agents, partners, officers, directors, members, affiliates, attorneys, principals, predecessors, successors, successors in interest, and assigns from any and all claims cross-claims, actions, causes of action, demands, rights, damages, costs, expenses, and attorneys' fees claims, that ASL had, now has, or may hereafter have on account of or in any way related to those claims ASL alleged or that could have been alleged against Mad Dog, Conn, and the Subcontractor Defendants in the Civil Litigation related to the Project, the Construction Contract, and/or the A/E Contract.

8.      Upon payment of the Settlement Proceeds, Mad Dog shall be deemed to have released, acquitted, and forever discharged ASL, the Subcontractor Defendants, and their attorneys, insurers, employees, agents, partners, officers,

directors, members, affiliates, attorneys, principals, predecessors, successors, successors in interest, and assigns from any and all claims cross-claims, actions, causes of action, demands, rights, damages, costs, expenses, and attorneys' fees claims, that Mad Dog had, now has, or may hereafter have on account of or in any way related to those claims Mad Dog alleged or that could have been alleged against the Subcontractor Defendants in the Civil Litigation related to the Project. The release contemplated herein includes a release of any and all claims for attorneys' fees and costs that may be available to Mad Dog under any indemnity or additional insured requirement under any subcontract with the Subcontractor Defendants.

9. This Agreement shall be deemed to constitute a contract made and entered into under the laws of the State of Florida. For all purposes, this Agreement shall be construed and governed in accordance with the laws of the State of Florida. Any suit concerning this Agreement that arises between the parties shall be brought in state court, in a court of competent jurisdiction within the state of Florida, with exclusive venue lying in Leon County, Florida.

10. If any party is required to take action to enforce the rights, duties, obligations, or responsibilities created by this Agreement or by Florida law, the party substantially prevailing on the merits of the issues being contested shall be entitled to recover all reasonable attorney's fees and all costs.

- 7 -

11.    The Parties agree to cooperate fully to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms, conditions, and intent of this Agreement.

12.    The Parties understand and agree that the promises and undertakings set forth in this Agreement are the sole consideration for the Agreement and that the conditions stated herein are contractual and not mere recitals. The representations and warranties made herein shall survive closing of this settlement. Anything herein to the contrary notwithstanding, this Agreement may be fully enforced by any action at law or in equity, and nothing herein shall preclude or be construed to preclude any action at law or in equity to enforce the provisions of this Agreement.

13.    This Agreement is intended to resolve disputed issues and claims solely related to the Civil Litigation and neither the execution of this Agreement, the payment of any part of the Settlement Proceeds, nor any statements made in connection with this resolution of these disputed claims and issues, are to be considered admissions of liability or any other matter. All Parties deny any liability or wrongdoing, and all claims and allegations remain disputed and denied. Moreover, the terms and conditions of this settlement are considered confidential

to the extent allowed under Florida law except as to the parties involved in the Lawsuit.

14.    The Parties hereby acknowledge that they are and have been represented by counsel in connection with the negotiation of this Agreement, that the provisions of this Agreement and the legal effects thereof have been fully explained to them, that they have entered into this Agreement freely and voluntarily and without coercion or undue influence. The Parties further agree that this Agreement may be executed in multiple counterparts and via facsimile, all of which, when taken together shall be treated as one original Agreement for all purposes.

**THE SIGNATORIES TO THIS AGREEMENT ACKNOWLEDGE THAT THEY HAVE READ THE FOREGOING AGREEMENT, FULLY UNDERSTAND ITS TERMS AND CONDITIONS, AND AGREE TO BE BOUND BY ALL OF ITS TERMS AND CONDITIONS.**

**ADAMS STREET LOFTS, LLC**          **CONN & ASSOCIATES, INC.**

By: _____          By:_____

Print Name:_____          Print Name:_____

Its: _____          Its:_____

Date: _____          Date:_____

Counsel:_____          Counsel:_____

**MAD DOG DESIGN AND**                 **CARROLL & SON'S WELDING &**
**CONSTRUCTION COMPANY, INC.**         **FABRICATION, INC. d/b/a**

- 9 -

**GREAT SOUTHERN
DEMOLITION, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**M & L PLUMBING, INC.**

By: _____

Print Name: Lenard Jezorski

Its: Vice President

Date: 5/12/14

Counsel: _____
Matthew F. Collett

**PARKER SERVICES, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**POINT GLASS & METAL, LLC**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

- 11 -

**CARROLL & SON WELDING SERVICE**

By: _____     By: _____

Print Name:_____     Print Name:_____

Its: _____     Its: _____

Date: _____     Date: _____

Counsel:_____     Counsel:_____

**DARNELL & ASSOCIATES, INC.**     **EVCON SERVICES, INC.**

By: _____     By: _____

Print Name:_____     Print Name:_____

Its: _____     Its: _____

Date: _____     Date: _____

Counsel:_____     Counsel:_____

**GASKINS COATING COMPANY, INC.**     **SOUTHERN-OWNERS INSURANCE COMPANY**

By: _____     By: _____

Print Name: _KEITH GASKINS_     Print Name:_____

Its: _PRES._     Its: _____

Date: _6/23/14_     Date: _____

Counsel:_____     Counsel:_____

- 10 -

**GREAT SOUTHERN
DEMOLITION, INC.**

By: _Earl D Barnes, ℮_

Print Name: _Emile D. Barnes, ℮_

Its: _President_

Date: _5-14-14_

Counsel: _George W. Hatch, III, and_
_Carrie Mendrick Roane_

**PARKER SERVICES, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**M & L PLUMBING, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**POINT GLASS & METAL, LLC**

By: _Mark A Caudle_

Print Name: _MARK A. CAUDLE_

Its: _MANAGING MEMBER_

Date: _5-8-14_

Counsel: _CLAY H. WHITTAKER, ESQ._

- 11 -

**CARROLL & SON WELDING SERVICE**

By: _____          By: _____

Print Name:_____          Print Name:_____

Its: _____          Its: _____

Date: _____          Date: _____

Counsel:_____          Counsel:_____

**DARNELL & ASSOCIATES, INC.**          **EVCON SERVICES, INC.**

By: _____          By: _____

Print Name:_____          Print Name:_____

Its: _____          Its: _____

Date: _____          Date: _____

Counsel:_____          Counsel:_____

**GASKINS COATING COMPANY, INC.**          **SOUTHERN-OWNERS INSURANCE COMPANY**

By: _____          By: _Damien Caparello_

Print Name:_____          Print Name: _Damien Caparello_

Its: _____          Its: _Senior Claim Representative Specialist_

Date: _____          Date: _5/11/14_

Counsel:_____          Counsel: _Robert C. Crabtree_

- 10 -

**GREAT SOUTHERN
DEMOLITION, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**M & L PLUMBING, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**PARKER SERVICES, INC.**

By: _Leroy C Parker_

Print Name: _Leroy C Parker_

Its: _President_

Date: _5-12-14_

Counsel: _____

**POINT GLASS & METAL, LLC**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

- 11 -

By: _____

Print Name:_____

Its: _____

Date: _____

Counsel:_____

**DARNELL & ASSOCIATES, INC.**

By: _____

Print Name:_____

Its: _____

Date: _____

Counsel:_____

**EVCON SERVICES, INC.**

By: _Bobby Darnell (signature)_

Print Name:_BOBBY DARNELL_

Its: _PRES_

Date: _5-8-2014_

Counsel:_Dixie Daimwood_

**GASKINS COATING COMPANY, INC.**

By: _____

Print Name:_____

Its: _____

Date: _____

Counsel:_____

**SOUTHERN-OWNERS INSURANCE COMPANY**

By: _____

Print Name:_____

Its: _____

Date: _____

Counsel:_____

**GREAT SOUTHERN DEMOLITION, INC.**

By: _____

Print Name:_____

Its: _____

Date: _____

Counsel:_____

**M & L PLUMBING, INC.**

- 10 -

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**DARNELL & ASSOCIATES, INC.**

By: _Sam Gawler_

Print Name: _Sam Swisher_

Its: _for Connolli Sons_

Date: _4/30/14_

Counsel: _____

**EVCON SERVICES, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**GASKINS COATING COMPANY, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**SOUTHERN-OWNERS INSURANCE COMPANY**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**GREAT SOUTHERN DEMOLITION, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**M & L PLUMBING, INC.**

- 10 -

**CARROLL & SON WELDING
SERVICE**

By: _____    By: _____

Print Name:_____    Print Name:_____

Its: _____    Its: _____

Date: _____    Date: _____

Counsel:_____    Counsel:_____

**DARNELL & ASSOCIATES, INC.**    **EVCON SERVICES, INC.**

By: _____    By: _Larry Evans_____

Print Name:_____    Print Name:_ **LARRY EVANS** ____

Its: _____    Its: _ **PRESIDENT** _____

Date: _____    Date: _ **MAY 14, 2014** _____

Counsel:_____    Counsel:_____

**GASKINS COATING COMPANY,
INC.**    **SOUTHERN-OWNERS INSURANCE
COMPANY**

By: _____    By: _____

Print Name:_____    Print Name:_____

Its: _____    Its: _____

Date: _____    Date: _____

Counsel:_____    Counsel:_____

- 10 -

14.    The Parties hereby acknowledge that they are and have been represented by counsel in connection with the negotiation of this Agreement, that the provisions of this Agreement and the legal effects thereof have been fully explained to them, that they have entered into this Agreement freely and voluntarily and without coercion or undue influence. The Parties further agree that this Agreement may be executed in multiple counterparts and via facsimile, all of which, when taken together shall be treated as one original Agreement for all purposes.

**THE SIGNATORIES TO THIS AGREEMENT ACKNOWLEDGE THAT THEY HAVE READ THE FOREGOING AGREEMENT, FULLY UNDERSTAND ITS TERMS AND CONDITIONS, AND AGREE TO BE BOUND BY ALL OF ITS TERMS AND CONDITIONS.**

**ADAMS STREET LOFTS, LLC**

By: _____

Print Name: _JONATHAN LEONI_

Its: _AUTHORIZED SIGNATORY_

Date: _____

Counsel: _____

**MAD DOG DESIGN AND CONSTRUCTION COMPANY, INC.**

**CONN & ASSOCIATES, INC.**

By: _____

Print Name: _____

Its: _____

Date: _____

Counsel: _____

**CARROLL & SON'S WELDING & FABRICATION, INC. d/b/a CARROLL & SON WELDING SERVICE**