UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                              Case No. 14-40483

ADAMS STREET LOFTS, LLC                             Chapter 11 Case

    Debtor.

_____/

**DEBTOR'S MOTION FOR ENTRY OF ORDER
APPROVING SALE OF ACQUIRED ASSETS[1] TO GOVERNANCE SERVICES, LLC**
(Expedited hearing requested)

[The Debtor requests that the hearing on the sale be held at the currently
scheduled Sale Hearing set for December 16, 2014 at 1:30p.m.]

ADAMS STREET LOFTS, LLC (the "Debtor"), by and through undersigned counsel and pursuant to (i) sections 105, 363, 364 and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and (ii) Bankruptcy Rules 2002(A)(2), 6004, 6006 and 9014, file this *Motion For Entry Of Order Approving Sale of Acquired Assets to Governance Services, LLC* (The "Motion"). In support of the Motion, the Debtor respectfully states as follows:

### I.    JURISDICTION

1.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.    BACKGROUND

2.    On October 15, 2014, the Debtor filed its *Motion for Entry of Order (A) Approving Competitive Bidding and Sale Procedures; (B) Approving Form and Manner of*

---

[1] Terms not otherwise defined herein shall have the meanings set forth in the Asset Purchase Agreement.

*Notices; (C) Approving Form of Asset Purchase Agreement; (D) Scheduling Dates to Conduct Auction and Hearing to Consider Final Approval of Sale, Including Treatment of Executory Contracts and Unexpired Leases; (E) Authorizing Sale of Substantially all the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (F) Granting Related Relief* [ECF No. 46] (the "Bid Procedures Motion"). In the Bid Procedures Motion, the Debtor reserved the right to remove some or all of the Acquired Assets from the Auction and to cancel the Auction.

3. On November 4, 2014 the Court entered its *Order Granting Debtor's Motion for Entry of Order (A) Approving Competitive Bidding and Sale Procedures; (B) Approving Form and Manner of Notices; (C) Approving Form of Asset Purchase Agreement; (D) Scheduling Dates to Conduct Auction and Hearing to Consider Final Approval of Sale, Including Treatment of Executory Contracts and Unexpired Leases; (E) Authorizing Sale of Substantially all the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (F) Granting Related Relief [Doc. 46]* [ECF No. 57] (the "Bid Procedures Order").

4. The Bid Procedures Order established December 10th as the deadline to submit bids, December 12th as the date for the Auction, and December 16th as the date for the Sale Approval Hearing.

5. On November 17, 2014, the Debtor filed its *Motion to Approve Compromise and Settlement* [ECF No. 62](the "Settlement Motion"), wherein the Debtor is seeking approval of a settlement reached in connection with the construction defect litigation. The hearing on the Settlement Motion is scheduled at the same time as the Sale Approval Hearing.

6. The Debtor was contacted by certain unit owners who indicated that they had some issues with the Settlement Motion and were inclined to object to the Settlement Motion and the Sale (the "Objections").

7. Although the Debtor received qualified bids by the bid deadline, in connection with the Debtor's efforts to resolve the Objections, the Debtor determined in its business judgment, after consultation with Centennial Bank, that the offer of Governance Services, LLC (the "Buyer"), who directly or indirectly currently owns 5 units, warranted (i) the removal of the Acquired Assets from the Auction, (ii) cancellation of the Auction, and (iii) the sale of the Acquired Assets to the Buyer pursuant to the terms and conditions set forth in the Asset Purchase Agreement attached hereto as **Exhibit A**, and incorporated herein by reference (the "APA").

8. The APA is in the form previously approved by the Court in the Bid Procedures Order with the following changes:

   (a) Purchase Price: $1,253,750.00;

   (b) Acquired Assets – includes all prepaid rent, accounts receivable due from and deposits received from any lessees/tenants related to the Acquired Assets;

   (c) Deposit – has been received;

   (d) Closing – on the later to occur of (i) Five Business Days after entry of the Sale Order, or (ii) in all events by January 30, 2015;

   (e) Parking - Centennial Bank agrees on or before Closing to release the mortgage on the 41 parking spaces adjacent to the Project and the Debtor shall convey 17 of the parking spaces to the Purchaser and the balance to the Adams Street Lofts Condominium Association, Inc. free and clear of the Centennial Bank lien; and

(f) Settlement Motion - As a condition to the Seller agreeing to cancel the auction and sell the Acquired Assets to Buyer, Buyer unconditionally agrees to support the Seller's Settlement Motion, as modified, to allow the individual unit owners to receive $165,000.00 of the settlement proceeds and Centennial Bank to receive $435,000.00 of the settlement proceeds (the "Settlement"). Buyer further understands and agrees that the closing on the Settlement will likely occur prior to the Closing.

9. The Debtor believes that the purchase price being offered by the Buyer represents a good value for the Acquired Assets, resolves the Objections, and provides certainty in connection with the Settlement Motion. Accordingly, the Debtor believes that approval of the APA and sale of the Acquired Assets to the Buyer, are in the best interests of the Debtor, its estate and creditors.

10. Centennial Bank is in agreement with the relief requested in this Motion. Centennial Bank further agrees (i) that from its proceeds from the sale of the Acquired Assets, it shall pay Sperry Van Ness Auction Service, LLC (the "Auctioneer") a commission, after application to the Court; and (ii) in connection with the Settlement Motion, it will accept $435,000.00 of the settlement proceeds with the balance of $165,000.00 to be paid directly to the existing unit owners of the 14 previously sold units on a pro rata basis.

### III. RELIEF REQUESTED

**A. Sale of Acquired Assets**

11. This Court has the statutory authority to authorize the sale free and clear of Liens. Pursuant to section 363(f) of the Bankruptcy Code, a trustee or debtor in possession may sell all or any part of property of the estate, free and clear of any and all liens, claims, encumbrances or interests if:

  (a)  applicable non-bankruptcy law permits sale of such property free and clear of such interest;

  (b)  such entity consents;

  (c)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

  (d)  such interest is in a bona fide dispute, or

  (e)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest;

11 U.S.C. § 363(f); In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) is written in the disjunctive; the court may approve a sale "free and clear" provided at least one of the subsections is met).

  12.  Property of the estate may be sold outside the ordinary course of business. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts interpreting section 363(b)(1) of the Bankruptcy Code have held that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of the debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith. *See e.g.*, In re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991); In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (D. Del. 1987). Here, each of those factors is met.

13. Subject to the terms and conditions of the Agreement, the Debtor, in the sound exercise of its business judgment, has concluded that consummation of the Sale to the Buyer will best maximize the value of the Debtor's estate for the benefit of the Debtor's creditors.

14. The sale of the Acquired Assets to the Buyer represents a fair price for the Acquired Assets and brings certainty and finality to the construction defect litigation as set forth in the Settlement Motion, to be modified as described herein. Accordingly, the Debtor respectfully asserts that ample business justification exists for the Sale.

15. Pursuant to Section 363(f) of the Bankruptcy Code, the Debtor will sell the Acquired Assets free and clear of all Lien (other than Permitted Liens).

16. Given the Debtor's interest in proceeding expeditiously, the Debtor requests that the Court waive the ten-day stay of the effectiveness of the Sale Order consistent with Rule 6004(h) and 6006(g) of the Federal Rules of Bankruptcy Procedure.

**B.    Section 1146 Exemption**

17. The Sale shall be pursuant to the Debtor's Plan of Reorganization. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, distribution, transfer or exchange of any property, equity security or notes, or the creation, making assignment, delivery or recording of any mortgage, deed of trust, instrument of transfer, pursuant to, in implementation of or as contemplated by the Plan, or the vesting, re-vesting, transfer or sale of any property of, by or in the Debtor or its Estate or Reorganized Debtor pursuant to, in implementation of or as contemplated by the Plan, or any transaction arising out of, contemplated by or in any way related to the foregoing, shall not be subject to any document, recording tax, stamp tax, conveyance fee, intangible or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, sales and use, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment and the appropriate state or local governmental

officials or agents shall be enjoined from, and directed to forego, the collection of any such tax or governmental assessment and be required to accept for filing and recording any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**WHEREFORE**, the Debtor respectfully requests entry of an order (i) approving the APA; (ii) approving the sale of the Acquired Assets to the Buyer; and (iii) granting such other and further relief as is fair and just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically to CM/ECF subscribers identified on the attached CM/ECF Service List, and via first class, U.S. Mail upon all parties on the attached Service List on this 11th day of December, 2014.

BERGER SINGERMAN LLP
*Counsel for Debtor*
125 South Gadsden Street, Suite 300
Tallahassee, FL 32301
Tel. (850) 561-3010
Fax (850) 561-4013

By: __/s/ *Brian G. Rich*__
    Brian G. Rich
    Florida Bar No. 38229
    brich@bergersingerman.com