**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:                                                          CASE NO.: 14-40483-KKS

ADAMS STREET LOFTS, LLC,[1]                Chapter 11

      Debtor.

_____/

**ORDER CONFIRMING DEBTOR'S PLAN OF**
**REORGANIZATION [DOC. 25]**

**THIS MATTER** came before the Court on the 15th day of January 2015 at 1:30 p.m., in

Tallahassee, Florida, to consider confirmation of the *Plan of Reorganization* (the "Plan") [ECF

No. 25], proposed by the Debtor, Adams Street Lofts, LLC ("Plan Proponent").[2]

In connection with confirmation of the Plan, the Court reviewed and considered the: (i)

*Summary of Ballots* [Doc. 114] (the "Ballot Certificate"); and (ii) *Affidavit of Steven Leoni in*

*Support of Confirmation of the Debtor's Plan of Reorganization* (the "Confirmation Affidavit")

[Doc. 115].   The Court has also: (i) reviewed and considered the entire record in this case,

including the *Disclosure Statement With Respect to Plan of Reorganization* [Doc. 24] (the

"Disclosure Statement"); (ii) considered the argument of counsel and the testimony of Steven

Leoni as set forth in the Confirmation Affidavit and proffered at the hearing which was admitted

into evidence at the confirmation hearing; (iii) the agreement between the Debtor and any

objecting parties, including Gemini Association, and the resolutions as announced on the record

and which may be more fully set forth herein; and (iv) considered the record before the Court.

---

[1] The address of the Debtor is 420 North Adams Street, Tallahassee, FL 32301, and the last four digits of the Debtor's taxpayer identification number are 4590.
[2] Unless otherwise defined herein, all capitalized terms used in this Order shall have the meanings ascribed to them in the Plan and/or Disclosure Statement.

6136982-2

## I.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the above and otherwise being fully advised, the Court hereby makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the Federal Rules of Bankruptcy Procedure[3]:

A.      The Court approved the Disclosure Statement by Order dated December 15, 2014 [Doc. 85], as amended on December 16, 2014.

B.      There was adequate and sufficient notice of: (i) the Plan and the Disclosure Statement; (ii) the deadline to file and serve objections to the confirmation of the Plan and to the adequacy of the Disclosure Statement; (iii) the deadline for voting on the Plan; and (iv) the hearing date on the approval of the Disclosure Statement and Confirmation of the Plan.  The Plan Proponent has afforded all parties in interest with an adequate opportunity to be heard regarding the Disclosure Statement and the Plan.  The Plan and Disclosure Statement were served upon all creditors, all equity security holders and all other parties in interest.

C.      The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1121 through 1129; 28 U.S.C. §§ 157(a), (b)(1) and (b)(2)(L), 1334(a) and (b), the United States District Court's general order of reference; and other various applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

D.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

E.      In accordance with section 1122(a) of the Bankruptcy Code, the Plan classifies and places each Claim against and Interest in the Debtor together with other Claims against or Interests in the Debtor, as applicable, that are substantially similar to such Claims or Interests, and, accordingly, satisfies section 1122(a) of the Bankruptcy Code.

---

[3] Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact. *See In re Grand Union Co.*, 2000 Bankr. LEXIS 1710 (Bankr. D. N.J. 2000) and *In re American Family Enterprises*, 256 B.R. 377 (Bankr. D. N.J. 2000).

6136982-2

F.      The Plan adequately and properly classifies all Claims and Interests required to be classified, and, accordingly, satisfies section 1123(a)(1) of the Bankruptcy Code.

G.      The Plan specifies the classes of Claims or Interests that are impaired or unimpaired under the Plan, and accordingly, satisfies section 1123(a)(2) and (3) of the Bankruptcy Code.

H.      The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favourable treatment, and accordingly, satisfies section 1123(a)(4) of the Bankruptcy Code.

I.      The Plan sets forth the means by which the Plan will be implemented, and accordingly, makes adequate means for its implementation and satisfies section 1123(a)(5) of the Bankruptcy Code.

J.      Based upon the agreements as announced on the record, all Classes that voted have accepted the Plan in the requisite number of ballots, and in the requisite dollar amount, as required pursuant to 11 U.S.C. §1126(c) and as set forth in the Ballot Certificate.

K.      The Ballot Certificate validly and correctly sets forth the tabulation of votes, as required by the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

L.      The Plan was voted on and accepted by at least one Class of Impaired Claims that was entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Order Setting Hearing on Confirmation.  Gemini Association ("Gemini") objected to confirmation of the Plan, but did not cast a vote.  Based upon the agreement as announced on the record, Gemini has agreed to withdraw its objection to the Plan.

M.      The Plan complies with all applicable provisions of 11 U.S.C. §§ 101 *et seq.*, including 11 U.S.C. § 1129(a) and (b) with respect to all Classes of Claims and Interests under

3

6136982-2

the Plan, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the Plan Proponent.

N.      The Plan Proponent complied with all applicable provisions of 11 U.S.C. §§ 101 *et seq.*, including 11 U.S.C. § 1129.

O.      The provisions of Chapter 11 of the Bankruptcy Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law, and, therefore the provisions of 11 U.S.C. § 1129(a)(3) are satisfied.

P.      All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court, thereby satisfying the requirements of 11 U.S.C. § 1129(a)(4).

Q.      The identity and affiliations of the persons proposed to serve, after confirmation of the Plan, as a director, officer or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor, or a successor to the Debtor under the Plan, as applicable, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy in accordance with the requirements of 11 U.S.C. § 1129(a)(5)(A).

R.      The Plan Proponent has disclosed the identity of any insider that will be employed or retained by the Debtor and compensation to such insider has been fully disclosed in accordance with the requirements of 11 U.S.C. § 1129(a)(5)(B).

S.      With respect to each impaired class of claims or interests, each of such classes

4

6136982-2

(i) has accepted the Plan; or (ii) will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date, thereby satisfying the requirements of 11 U.S.C. § 1129(a)(7).

T.      The Plan does not discriminate unfairly, is fair and equitable and otherwise complies with all of the provisions of section 1129(b) of the Bankruptcy Code with respect to each Class of Claims or Interests that are impaired under the Plan, as those Classes are described in the Plan.

U.      Pursuant the terms of the Sale Order, the Plan and the Construction Defect Litigation Settlement Order, the conveyance of the Property shall be free and clear of any liens claims and/or encumbrances, including without limitation any claims or liens that could have been asserted by the Adams Street Lofts Condominium Association, Inc.  The conveyance of the parking spaces by the Debtor, upon the closing of the sale transaction to the Purchaser, along with the settlements as approved by the Court, after notice and opportunity to object by all parties, shall be in full and final satisfaction of any past due association dues, claims or liens.

V.      The Plan is modified to reflect the settlement with Gemini as announced on the record as follows:

1.      The Debtor shall contribute $5,000 additional to Gemini Parking Deck North;

2.      The Debtor has already contributed $7,500 to Gemini Parking Deck North, which sum shall be applied;

3.      Gemini Associates agrees that based on the $12,500 payments listed above that any and all monies owed by ASL Developer through 12/31/14 are satisfied;

4.      The Debtor agrees to cooperate and assist in having a new company manage the Gemini Parking Deck North HOA;

5.      The Adams Street Lofts Condominium Association, Inc. shall begin paying dues effective 1/15; and

6.      Gemini Parking Deck North agrees to bill Mr. Cuneo for his 12 spaces since the time he took ownership of 416 North Adams Street.

W.      The Conditional Settlement and Release Agreement ("Agreement") for the underlying construction defect litigation (Case No. 2010 CA 3091), provided that the Debtor, Adams Street Lofts, LLC, and the Adams Street Lofts Condominium Association, Inc. (the "Association") execute all necessary documents, including releases, to effectuate the settlement. A condition of the Agreement was that control of the Association would first be transferred from the developer/Debtor to the unit-owners; the Association could then, pursuant to section 718.111, Florida Statutes, execute the Agreement and bind all unit owners in the building to the terms of the settlement.  However, the transfer of the Association from the developer to the unit owners could not take place due to lack of unit sales.  Accordingly, the Agreement was supplemented by the creditor, Centennial Bank, to include certain settlement provisions for the owners of the 14 non-developer owned units; the non-developer unit owners signed releases.  The Agreement, as supplemented, was approved by this Court on December 30, 2014, and the Association was authorized and directed to execute any and all documents to effectuate and finalize the Agreement.  All unit owners, including all of the non-developer unit owners (i.e., all unit owners other than Adams Street Lofts LLC), had notice and opportunity to object to the supplementation to the Agreement and the Court's approval of the Agreement as supplemented.  Based upon the Court's approval of the Agreement, as supplemented, the Release executed by the Association in

6

6136982-2

relation to the Agreement is binding on all parties thereto, as well as the Association and all of the non-developer unit owners.

X. Upon the closing of the sale of the Debtor's assets, the Debtor will have sufficient funds available to pay allowed administrative expense claims (unclassified); (ii) United States Trustee's Fees (unclassified); and (iii) Priority Claims (unclassified). The Proponent will also make a *pro rata* distribution to Allowed General Unsecured Claims from a "Carve-Out Pool" of not less than $10,000.00.

Y. The Debtor has paid or will pay all United States Trustee's Fees due as of January 15, 2015.

Z. Any and all Objections to confirmation have been withdrawn, overruled or otherwise dealt with as set forth in this Order.

**THEREFORE, BASED UPON THE FOREGOING FINDINGS, IT IS ORDERED AS FOLLOWS:**

1. The Plan is **CONFIRMED**.

2. The objection to confirmation filed by Gemini. [Doc. 108] is withdrawn.

3. The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed. (*See* Footnote 2, *supra*).

4. Upon the conclusion of the liquidation, the Debtor shall cease operations and may file all necessary documents to terminate its existence.

5. On the Effective Date, any and all causes of action, including Avoidance Actions, shall automatically be retained and preserved. Pursuant to section 1123(b)(3)(B) of the

7

6136982-2

Bankruptcy Code, the Debtor shall retain and have the exclusive right to enforce and prosecute Actions against any Person.

6.      To effectuate distributions pursuant to this Plan and avoid undue delay in the administration of the Estate, the Debtor shall have the right, at any time, to seek an order of the Bankruptcy Court, after notice and a hearing (which notice may be limited to the Holder of such Disputed Claim and which hearing may be held on an expedited basis), estimating a Disputed Claim pursuant to section 502(c) of the Bankruptcy Code, irrespective of whether the Debtor has previously objected to such Claim or whether the Bankruptcy Court has ruled on any such Objection. All of these Objection and resolution procedures are cumulative and not necessarily exclusive of one another. In addition to seeking estimation of Claims, the Debtor may resolve or adjudicate any Disputed Claim in the manner in which the amount of such Claim and the rights of the Holder of such Claim would have been resolved or adjudicated if the Chapter 11 Case had not been commenced, subject only to the terms of this Plan. Claims may be subsequently compromised, settled, withdrawn or resolved by the Debtor, pursuant to the Plan.

7.      Subject to the conditions set forth in the Plan, the Debtor will have the right (a) within 90 days from the date of Confirmation to initiate and prosecute any additional Objections to Claims, (b) to request estimation of each such Claim, (c) to litigate any Objection to Final Order, (d) to settle or to compromise any Claim, or (e) to withdraw any Objection to any Claim (other than an Allowed Claim or a Claim that is deemed to be allowed pursuant to the Plan or a Final Order).

8.      Any lease or executory contract not assumed by order of the Bankruptcy Court or by the terms of the Plan and Confirmation Order and/or the Sale Order related to the sale of the Property and the assumption of the leases being conveyed are rejected. The Debtor anticipates

8

that the tenant leases shall be assumed in connection with the auction sale. **Proofs of Claim for Rejected Agreements. Unless otherwise provided by order of the Bankruptcy Court entered before the Confirmation Date, any Claim against the Debtor arising from the rejection of any executory contract or unexpired lease agreement under this Plan must be filed with the Bankruptcy Court within 30 days after the date the Order approving the rejection was entered or on the last date set by the Bankruptcy Court for other parties to file a Proof of Claim, whichever is longer.**

9.      Except to the extent otherwise provided under the Plan, upon the Effective Date, all Prepetition agreements (other than assumed), credit agreements, pre-petition loan documents and Post-Petition loan documents to which the Debtor is a party, and all lien claims and other evidence of liens against the Debtor, shall be deemed to be cancelled and of no further force and effect, without any further action on the part of the Debtor.  The holders of or parties to such cancelled instruments, agreements, securities and other documentation will have no remaining rights arising from or relating to such documents or the cancellation thereof, except the rights provided pursuant to the Plan and this Order and any rights that, by the terms of the applicable agreement, survive the termination of such agreement.

10.      Following the entry of this Order, the Debtor shall execute such documents and take such other actions as are necessary to effectuate the transactions provided for in the Plan. Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of any security or the making or delivery of an instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax or similar tax.

11.      Upon the first initial distribution of all required amounts under the Plan and the filing by or on behalf of the Debtor of a certification to that effect with the Bankruptcy Court, the

9

Debtor shall be deemed to have substantially consummated the plan and any claims against the Debtor arising pre-petition shall be null and void.

12.     The Plan contemplates wind-down management with the Debtor, through Steven Leoni, with no compensation.

13.     All full or partial payments made by the Debtor and received by the holder of a Claim before the Effective Date shall be deemed to be payments under the Plan for purposes of satisfying the obligations of the Debtor pursuant to the Plan.

14.     Notwithstanding anything to the contrary in the Bankruptcy Rules providing for earlier closure of the Chapter 11 case, when all Disputed Claims against the Debtor have become Allowed Claims or Allowed Interests or have been disallowed by a Final Order, and all required conditions as required under the Plan have been met, the Debtor shall seek authority from this Court to close the Chapter 11 case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

15.     Confirmation of the Plan is in the best interests of the Debtor, all creditors, all holders of Interests and all other parties in interest.

16.     The Debtor is authorized, empowered and directed to enter into, and to perform the obligations under the Plan and to take such actions as are necessary to effectuate the terms of the Plan and this Order, including, without limitation, executing and/or entering into any and all additional instruments and documents that may be necessary or desirable to implement the terms of the Plan and this Order.

17.     The provisions of the Plan bind the Debtor, any entity acquiring property under the Plan, any creditor, and equity security holder, whether or not such creditor or equity security

6136982-2

holder is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

18.    The Debtor shall pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), within thirty (30) days of the entry of this Order, for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.  In addition, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for all post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements made by the Debtor until the earlier of the closing of this case by the issuance of a final decree by this Court, or upon the entry of an order by this Court dismissing the Chapter 11 case or converting this case to another chapter under the Bankruptcy Code, and the Debtor will provide to the United States Trustee an appropriate affidavit indicating all cash disbursements for the relevant period.

19.    Until this case is closed, this Court retains exclusive jurisdiction of all matters arising out of, arising in or related to, the Chapter 11 Case to the fullest extent permissible under applicable law.

20.    The record of the Confirmation Hearing is closed.

**DONE AND ORDERED** in Tallahassee, Florida on _____February 2, 2015_____.

_____
KAREN K. SPECIE
United States Bankruptcy Judge

6136982-2

12

Submitted by:
Brian R. Rich, Esq.
Berger Singerman LLP
Counsel for Debtor
125 Gadsden Street, Suite 300
Tallahassee, FL  32301
Tel. (850) 561-3010
Fax (850) 561-3013

Copy furnished to:
Brian G. Rich, Esq.
*(Attorney Brian G. Rich is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of this order.)*

6136982-2